IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BRENDA ROBERTSON FINE,<br>　　Petitioner, | §<br>§<br>§ | |
| VS. | § | Civil Action No. 4:11-CV-419-Y |
| | § | |
| JOE KEFFER, WARDEN,<br>FMC-CARSWELL,<br>　　Respondent. | §<br>§<br>§ | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

#### B. PARTIES

Petitioner Brenda Robertson Fine, Reg. No. 27050-077, is a federal prisoner incarcerated in FMC-Carswell in Fort Worth, Texas.

Respondent Joe Keffer is Warden of FMC-Carswell.

#### C. PROCEDURAL HISTORY

In 1995 petitioner was convicted of conspiracy to defraud and aiding and abetting, several counts of mail fraud and aiding and abetting, conspiracy to commit murder and aiding and abetting,

and murder in the United States District Court for the Northern District of Texas, Amarillo Division. (Resp't App. at 1) *United States v. Fine*, No. 2:95-CR-09-J, 2009 WL 2195824, at *1 n.2 (N.D.Tex. July 22, 2009); *United States v. Bratcher*, 95 F.3d 49 (5th Cir. 1996); *United States v. Fine*, PACER, U.S. Party/Case Index, Criminal Docket for # 2:95-CR-009-J-2. She is serving a life sentence on her convictions. Petitioner filed this federal petition in this division, where she is currently serving her sentence.[1] By way of the petition, she challenges her mail fraud convictions based on the Supreme Court decision in *Skilling v. United States*, 130 S. Ct. 2896 (2010). Respondent has filed a motion to dismiss the petition for lack of jurisdiction. (Resp't Resp. at 3-6)

E. DISCUSSION

Petitioner claims the Supreme Court decision in *Skilling*, which involved the "honest services" fraud statute in 18 U.S.C. § 1346, has rendered the conduct for which she was convicted under 18 U.S.C. § 1341 for mail fraud non-criminal. (Pet. at 3-5) Typically, § 2241 is used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). Section 2255, on the other hand, is the primary means under which a federal prisoner may collaterally attack the legality of her conviction or sentence. *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Section 2241 may be used by a federal prisoner to challenge the legality of her conviction or sentence only if she can satisfy the mandates of the so-called § 2255 "savings clause." *See Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). Section 2255 provides that a prisoner may file a writ of habeas corpus if a remedy by § 2255 motion is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255. To establish that a § 2255 motion is inadequate or ineffective, the prisoner must show that: (1) the petition raises

---

[1] This is petitioner's third § 2241 petition filed in this court. *See Fine v. Mallisham*, Civil Action No. 4:03-CV-894-Y; *Fine v. Bogan*, Civil Action No. 4:00-CV-127-Y.

2

a claim that is based on a retroactively applicable Supreme Court decision, (2) the claim was previously foreclosed by circuit law at the time when it should have been raised in petitioner's trial, appeal or first motion for postconviction relief, and (3) that retroactively applicable decision establishes that the petitioner may have been convicted of a nonexistent offense. *Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010); *Reyes-Requena*, 243 F.3d at 904. The petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000).

Petitioner has not provided any valid reason why the § 2255's remedy is either inadequate or ineffective. Petitioner cannot rely on § 2241 to avoid procedural hurdles presented under § 2255, such as the one-year statute of limitations or the restriction on filing second or successive motions to vacate. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (holding that prior unsuccessful § 2255 motion or the inability to meet the statute's second or successive requirement does not make § 2255 inadequate or ineffective); *Pack,* 218 F.3d at 453 (citing *Toliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000) (holding that prior, unsuccessful § 2255 motion, the limitations bar, and successiveness do not render the § 2255 remedy inadequate or ineffective). Further, in *Skilling*, the Supreme Court held that 18 U.S.C. § 1346 criminalizes only bribery and kickback schemes, *i.e.,* fraudulently depriving another of one's honest services by accepting bribes or kickbacks. *Skilling,* 130 S. Ct. at 2933. However, petitioner was not charged with, nor was she found guilty of, honest services fraud under § 1346. Petitioner was convicted of mail fraud, under 18 U.S.C. § 1341, and nothing in the record shows that her case involved allegations of fraud based on an honest services theory under 18 U.S.C. § 1346. *See Edelmann v. Keffer*, No. 4:10-CV-531-Y, 2011 WL 2517273, at *1-4 (N.D.Tex. June 24, 2011) (order). Thus, the Supreme Court's holding in *Skilling* is neither relevant nor applicable to her convictions under § 1341. *Id.* It necessarily follows that, although

*Skilling* may be retroactively applicable to cases on collateral review, petitioner cannot demonstrate that she is actually innocent of the crimes for which she was convicted.

## II. RECOMMENDATION

Based on the foregoing, it is recommended that the government's motion to dismiss be granted and the petition dismissed for lack of jurisdiction.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until October 12, 2011. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until October 12, 2011, to serve and file written objections to the United States Magistrate Judge's proposed findings,

4

conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED September __21__, 2011.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE